UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN W. MILROY,

        Plaintiff,                           Case No. 1:20-cv-252

v.                                                   Hon. Janet T. Neff

HUNTINGTON BANK CHIEF
EXECUTIVE OFFICERS, and
AMERICAN CORADIUS INTERNATIONAL
LLC CHIEF EXECUTIVE OFFICERS,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff, Kevin W. Milroy ("Milroy") filed a complaint against two defendants, Huntington Bank chief executive officers (sometimes referred to as "Huntington"), and American Coradius International LLC chief executive officers (sometimes referred to as "ACI"). Compl. (ECF No. 1). This matter is now before the Court on motions to dismiss filed by both ACI (ECF No. 9) and Huntington (ECF No. 24).[1]

        **I.**        **Milroy's claims**

The gist of Milroy's complaint is that he was the victim of an illegal mortgage foreclosure. First, Milroy claims that defendants violated the "Fair Debt Collection Act", presumably the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Compl. at PageID.1-2. Second, Milroy claims that defendants, notably Huntington, orchestrated the illegal foreclosure. In this regard, Milroy cites "86th District Court for the County of Leelanau File No. 12-1950-LT," a lawsuit filed by Huntington to recover possession of the property from him. *Id*.

---

[1] The Court notes that the actual name of defendant Huntington is "Huntington National Bank."

1

at PageID.1-3.  Milroy alleged that Huntington and the "underwriter" facilitated the illegal foreclosure, violated his due process rights, and engaged in "obstruction of justice."  *Id*. at PageID.2.  Among other things, Milroy alleged that: Huntington failed to provide signatures to a mortgage; that an illegal sheriff's sale took place because neither he nor the sheriff were "provided a Michigan State Bank Charter;" that Huntington forged or altered affidavits without stamps or seals; that "[t]here are no bank employee signatures on mortgage 23484230 promissory note"; that "[n]umerous judges were involved in foreclosure"; and, that "[d]efendants and their agents denied Hunting [sic] Bank's own document and notifications that plaintiff's property was paid in full." *Id*. at PageID.2. Milroy does not ask for any relief.  Rather, Milroy refers to "briefing schedules", *i.e.*, "Due to the Corona virus, curfews, indictments, marshal law, court closures, government shutdowns and other mitigating circumstances, six month postponement for briefing schedules is applicable in this matter," and that "Relief requested shall be provided; in and along with; the briefing schedule."  *Id*. at PageID.3.

## II. Defendants' motions to dismiss

### A. Legal Standard

Both defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

**B.    Discussion**

**1.    FDCPA claim**

The Sixth Circuit explained the operation of the FDCPA in *Wallace v. Washington Mutual Bank, F.A.*, 683 F.3d 323 (6th Cir. 2012), stating in pertinent part:

> The Fair Debt Collection Practices Act prohibits a debt collector from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692k of the statute allows the consumer to recover statutory or actual damages for violations of the Act. In order to establish a claim under § 1692e: (1) plaintiff must be a "consumer" as defined by the Act; (2) the "debt" must arise out of transactions which are "primarily for personal, family or household purposes;" (3) defendant must be a "debt collector" as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions.

*Wallace*, 683 F.3d at 326.

Here, plaintiff's complaint contained the following allegations against defendants:

3

> As happened with so many Americans my family's life was dealing with severe economic turmoil after the 2008 debacle; I was offered by American Coradius International which according to Mr. William M. Clos P 65113 "Coradius is Huntington. They have this debt collector." This was during proceeding during which Clos represented Huntington Bank. Due to the fact that the debt collector's location is Amherst NY, and under the "Fair Debt Collection Practices Act" § 802 (a) Abusive Practice; there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.

Compl. at PageID.1.

Milroy's allegations with respect to the FDCPA are too vague to state any cause of action. Milroy does not identify "Mr. William M. Clos," the "offer" from ACI, the debt collector, or any particular violation of the FDCPA. Even if the Court assumes that Milroy met the statutory definition of a "consumer" under the FDCPA, he has failed to allege the existence of a "debt" arising out of transactions which are "primarily for personal, family or household purposes," that either defendant is a "debt collector" as defined by the Act, or explained how either defendant violated § 1692e's prohibitions. *See Wallace*, 683 F.3d at 326. For these reasons, Milroy's FDCPA allegation fails to state a claim.

Furthermore, Milroy's claim is untimely. The FDCPA has a one-year statute of limitations. *See* 15 U.S.C. 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."). Milroy does not allege any particular date on which the FDCPA violations occurred. The only date referenced in the complaint is 2008. Milroy connects the FDCPA to a case in the 86th District Court, No. 12-1950-L2, a landlord-tenant case filed by Huntington against Milroy to recover possession of the property located at 2500 W. Empire Hwy, Empire, MI. *See* 86th Dist. Ct. docket sheet (ECF No. 11-1). Defendant Huntington has provided a copy of the Judgment in this landlord-tenant case on March 22, 2013, which states that Huntington can apply

for an order to evict Milroy if he does not move out of the property by April 1, 2013. *See* 86th Dist. Ct. Judgment (ECF No. 25-1, PageID.88). Defendant Huntington also provided a copy of a July 14, 2014 judgment from the 13th Circuit Court, Leelanau County Case No. 13-9178-CH, finding that Huntington is the fee simple owner of the subject property, "free and clear of any liens or encumbrances as of this 14th day of July, 2014." 13th Cir. Ct. Judgment (ECF No. 25-2, PageID.91). In that judgment, the state court determined that "the Legal Deed Affidavit recorded by Defendant kevin [sic] Milroy, at Liber 1132, Page 584-591 on August 13, 2012, is an invalid encumbrance on the real property located at 2500 W. Empire Highway, Empire, Michigan 49630 and has no legal effect on The Huntington National Bank's ownership of same." *Id*. at PageID.92.

Based on Milroy's allegations and these lawsuits, any FDCPA claim involving Milroy's mortgage or promissory note would have occurred no later than July 14, 2014, the date when the state court determined that Huntington owned the property free and clear of any liens or encumbrances. Given this timeline, Milroy's FDCPA claim had to be filed by no later than July 14, 2015. Milroy's present FDCPA claim, filed on March 20, 2020, is time-barred, having been filed more than four years after the limitations period. *See Rotkiske v Klemm*, -- U.S. --, 140 S. Ct. 355, 357 (2019) (the FDCPA's one-year limitations period "begins to run on the date the alleged FDCPA violation actually happened."). For all of these reasons, Milroy's FDCPA claim should be dismissed.

       **2.**    **The alleged illegal foreclosure**

In his other claim, Milroy alleged that defendants engaged in an illegal foreclosure. As an initial matter, the complaint contains few allegations regarding the foreclosure, referencing the existence of a mortgage and a promissory note, "[a]n illegal sheriff's sale", and that "[n]umerous judges were involved in foreclosure." Compl. at PageID.1-3. Milroy's allegations

5

consist of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. For this reason, the Court should grant defendants' motions to dismiss.

Furthermore, Milroy cannot contest the state court's decisions in this federal lawsuit. Whatever occurred during the foreclosure, the state courts determined that Milroy had no right to remain on the property after April 1, 2013, and that Huntington was the fee simple owner of the property, free and clear of any liens or encumbrances, as of July 14, 2014. *See* 13th Cir. Ct. Judgment; 86th Dist. Ct. Judgment. Any ownership interest in the property claimed by Milroy, whether due to an illegal foreclosure or through his "Legal Deed Affidavit", was extinguished by that date.

Plaintiff cannot challenge the state court decisions in this Court. Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also, Durham v. Haslam*, 528 Fed. Appx. 559, 563 (6th Cir. 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").

Here, plaintiff is attempting to have this Court grant him unspecified relief for an alleged "illegal foreclosure." To grant plaintiff any relief related to an alleged ownership interest in the real property, this Court would have to exercise the powers of an appellate court and overrule the 13th Circuit Court's decision that Huntington owns the property in fee simple without any liens

or encumbrances. In short, this Court lacks the authority and jurisdiction to hear plaintiff's lawsuit, which is in essence an "appeal" of the state court decision extinguishing his claims in the property. *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Durham*, 528 Fed. Appx. at 563 (same). For these reasons, defendants' motions to dismiss should be granted.

### III.  RECOMMENDATION

Accordingly, I respectfully recommend that the motions to dismiss filed by defendants ACI (ECF No. 9) and Huntington (ECF No. 24) be **GRANTED** and that this action be **TERMINATED**.

Entered: February 10, 2021            /s/ Ray Kent
                                      Ray Kent
                                      U.S. Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).